# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Freedom Mortgage Corporation, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:22-cv-88 |
| Erie Insurance Company, | ) ) ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

**COMES NOW** Plaintiff Freedom Mortgage Corporation ("Plaintiff" or "Freedom"), by and through its counsel, and files this First Amended Complaint against Defendant Erie Insurance Company ("Defendant" or "Erie") and in support thereof states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Freedom is a New Jersey corporation with its principal place of business in Mount Laurel, New Jersey.

2. Erie is a Pennsylvania insurance corporation with its principal place of business at 100 Erie Insurance Place, Erie, Pennsylvania 16530.

3. Erie regularly conducts business in this jurisdiction.

4. This Court has personal jurisdiction over Erie as the operative facts giving rise to this Complaint occurred in, and the real estate that is the

1

subject of the transaction is located in, Piney Flats, Sullivan County, Tennessee.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000 because of the amount in dispute under the insurance policy.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims and the subject of the contract involved, occurred, and/or are located in the Eastern District of Tennessee, Greenville Division.

## **FACTUAL BACKGROUND**

7. Non-party Barbara E. Melton ("Melton"), who had a mortgage with Freedom, entered into a policy of insurance with Erie (the "Contract").

8. The Contract was assigned policy number Q54 7703082 VT. A copy of the "ErieSecure Home Insurance Policy – Tennessee" setting forth the coverage terms of the Contract is attached as Exhibit "1" hereto.

9. Freedom, as Melton's mortgagee, was listed as an additional insured under the Contract. Freedom's mortgagee copy of the declaration page of the Contract is attached as Exhibit "2" hereto.

10. All due and owing premiums for the Contract were timely paid.

11. The Contract covered the time period of June 27, 2021 to June 27, 2022.

12. Among other things, the Contract covered damages to the dwelling and other structures at real property located at 2655 Enterprise Road, Piney Flats, Tennessee (the "Property") upon which Freedom holds a deed of trust.

13. The Contract provides replacement cost for the dwelling at the Property at the time of loss, subject to policy conditions and requirements, with an estimated replacement cost of $322,500.

14. The Contract provides replacement cost for other structures at the Property at the time of loss, subject to policy conditions and requirements, with an estimated replacement cost of $64,500.

15. On August 2, 2021, a fire occurred at the Property resulting in a total loss to the dwelling and other structures (the "Fire").

16. The loss resulting from the Fire occurred during the time period set forth in the Contract.

17. The Contract contains a standard mortgage clause providing that Erie will:

> protect the mortgagee's or lienholder's interests in an insured building. This protection will not be invalidated by any act or neglect of "**anyone we protect**,"[1] any breach of warranty, increase in hazard, change of ownership, or foreclosure if the mortgagee or lienholder has no knowledge of these conditions.

---

[1] Emphasis in Contract.

18. The Contract further provides that the "mortgagee or lienholder will: . . . (3) notify '**us**'[2] of any change of ownership or occupancy or any increase in hazard of which the mortgagee or lienholder has knowledge."

19. No act of neglect on the part of Freedom caused the Fire.

20. There has been no change in ownership of the Property since title was vested in Melton and Melton is still vested in title to the Property.

21. The Property has never been foreclosed by Freedom.

22. While foreclosure proceedings had previously been commenced against the Property by Freedom, a foreclosure sale was never held and thus there has been no change in the ownership of the Property.

23. The mere commencement of foreclosure proceedings does not constitute an increase in hazard, a change in ownership, a foreclosure, or otherwise invalidate insurance coverage under a standard mortgage clause like that in the Contract. See U.S. Bank, N.A. v. Tennessee Farmers Mut. Ins. Co., 277 S.W.3d 381, 390 (Tenn. 2009).

24. The Contract contains no language that would require Freedom to notify Erie when foreclosure proceedings are commenced.

25. Freedom made a claim on the Contract, which was assigned Erie Claim No. A00003865943.

---

[2] Emphasis in Contract.

26. Via a letter dated March 16, 2022, Erie denied Freedom's claim stating that its investigation:

> concludes failure to notify ERIE of a change in occupancy, change in ownership or increase in insurance specifically regarding several notices of foreclosure sale, and late notice of a claim, and failure to send ERIE a change in risk letter by Freedom Mortgage.

A copy of the March 16, 2022 denial letter is attached as Exhibit "3" hereto.

27. Via a letter dated April 25, 2022, Freedom, through its vendor Quality Claims Management Corporation ("QCMC"), respectfully requested that Erie reconsider its denial. In support thereof, QCMC stated that Melton's loan had been on hold due to the foreclosure moratorium caused by COVID-19. As such, Freedom:

> was not aware of the damage and could not have notified Erie Insurance of the damage earlier, since the property was not being inspected. Again, due to the hold on the loan, the preservation company was not completing inspections of the home. Additionally, there has been no change in risk to the property, the property has not foreclosed. The insured becoming delinquent on their payments is not a substantial change of risk.

A copy of the April 25, 2022 QCMC letter is attached as Exhibit "4" hereto.

28. On April 25, 2022, via email, Erie stated that it was standing by its denial as previously issued further stating that a "house being listed for

5

Case 2:22-cv-00088-CLC-CRW   Document 3   Filed 08/01/22   Page 5 of 12   PageID #: 80

foreclosure sale is clearly an increase in hazard and would result in a change in occupancy." A copy of this email exchange is attached as Exhibit "5" hereto.

29. Via a letter dated July 20, 2022, delivered to Erie by email and regular mail, Freedom, through consel, respectfully requested that Erie reverse its denial decision. In doing so, Freedom cited to and quoted from case law, including binding case law issued by the Tennessee Supreme Court, which holds that a standard mortgage clause like that at issue in the Contract does not require a mortgagee like Freedom to notify an insurer of the commencement of foreclosure proceedings. See U.S. Bank, N.A. v. Tennessee Farmers Mut. Ins. Co., 277 S.W.3d 381, 390 (Tenn. 2009); The Phenix Ins. Co. of Brooklyn, NY v. The Union Mut. Life Ins. Co. of Maine, 101 Ind. 392, 395-96 (Ind. 1885) (cited by the Tennessee Supreme Court in U.S. Bank); Allen v. Houston Fire & Cas. Ins. Co., 243 So.2d 905, 910 (La. Ct. App. 1971). A copy of the July 20, 2022 letter is attached as Exhibit "6" hereto.

30. On July 29, 2022, Erie emailed a letter dated July 28, 2022 stating that Erie disagreed with Freedom's evaluation, that Erie's "investigation shows that the property was scheduled for foreclosure sale nearly a year prior to the reported loss", and that Erie was maintaining its denial. A copy of the Erie letter dated July 28, 2022 is attached as Exhibit "7" hereto.

6

31. At no point prior to the Fire did Freedom have any knowledge as to whether the Property was vacant or whether at any time the Property might have become vacant.

32. All conditions precedent to filing this action have been satisfied.

## **COUNT I: BREACH OF CONTRACT**

33. Freedom re-alleges and re-incorporates by reference into this cause of action all factual allegations set forth in Paragraphs 1 through 32.

34. The Contract is a valid and enforceable contract between Erie and Freedom.

35. The Contract entered into between Erie and Freedom covers damages to the aforementioned dwelling and other structures on the Property.

36. Freedom performed under the Contract.

37. Erie breached the Contract by failing to pay Freedom's covered claim.

38. Freedom has been damaged by Erie's breach of contract in the form of the unpaid claim, which includes the $322,500 due for the damaged dwelling and the $64,500 due for the damaged other structures, as well as attorneys' fees and costs associated with the pre-suit demand, filing of this Complaint, and any further litigation which would not have been necessary and incurred but for Erie's repeated and wrongful denials of Freedom's properly presented claim.

7

39. Freedom has proven its claim for breach of contract by proving the existence of a valid and enforceable contract, a deficiency on the part of Erie amounting to a breach, and damages caused by the breach. See ARC Life Med, Inc. v. AMC-Tenn., Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005).

40. Compensatory damages are intended to compensate an insured plaintiff to make the plaintiff whole again. See Goff v. Elmo Geer & Sons Const. Co., Inc., 297 S.W.3d 175, 187 (Tenn. 2009) (citing Hodges v. S.C. Tooth & Co., 833 S.W.2d 896, 902 (Tenn. 1992)). Compensatory damages can include attorneys' fees, costs, and other damages caused by an insurance company's denial where a plaintiff is forced to file suit. See Riad v. Erie Insurance Exchange, 436 S.W.3d 256, 275 (Tenn. Ct. App. 2013). As such, Freedom respectfully requests all compensatory damages to which it is entitled as a result of Erie's breach of contract.

41. Punitive damages, while generally not available in a breach of contract case, may be awarded in a breach of contract action under certain circumstances. See Rogers v. Louisville Land Co., 367 S.W.3d 196, 211 n. 2 (Tenn. 2012). In such circumstances, to recover punitive damages, the trier of fact must find that a defendant acted either intentionally, fraudulently, maliciously, or recklessly. Hodges, 833 S.W.2d at 901. To the extent such circumstances are present in this case as indicated by Erie's repeated denials

of Freedom's claim, Freedom respectfully requests a proper award of such damages.

WHEREFORE, Freedom respectfully requests that a judgment for breach of contract be entered in its favor and that as a result of that breach, Freedom be awarded compensatory damages in the form of the unpaid contractual damages due and owing as a result of the destruction of the dwelling in the amount of $322,500, unpaid contractual damages due and owing as a result of the destruction to the other structures in the amount of $64,500, pre-judgment interest, all incurred and reasonable attorneys' fees and costs, and any further, additional, or other relief to which Freedom might be entitled including, but not limited to, punitive damages which may be warranted under the specific circumstances of this case.

## COUNT II: DECLARATORY RELIEF

42. Freedom re-alleges and re-incorporates by reference into this cause of action all factual allegations set forth in Paragraphs 1 through 32.

43. An actual and justiciable controversy presently exists between Freedom and Erie concerning Erie's failure and refusal to pay on the covered loss described herein.

44. Freedom's interest in this Court determining its rights under the Contract is direct, substantial, and immediate.

9

45. This Court may declare rights, duties, statutes and other legal relations, regardless of future relief that is or could be claimed.

46. Resolution of the parties' respective rights and duties under the Contract by declaration of this Court is necessary as there exists no adequate remedy at law.

47. Freedom alleges and contends that the Fire and its associated damages should be covered under the Contract.

48. Upon information and belief, Freedom alleges that Erie disputes and denies Freedom's claim to entitlement.

49. Freedom therefore seeks a declaratory judgment on its behalf regarding each contention in its Complaint.

50. Freedom is entitled to a declaratory judgment under Tenn. Code Ann. § 29-14-101 et seq., 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57 that Erie is obligated to immediately pay Freedom for the covered losses of $322,500 for the dwelling and $64,500 for the other structures and any additional or other amounts to which Freedom might be entitled.

WHEREFORE, Freedom respectfully requests a declaration that it is entitled to coverage under the Contract, that Erie be compelled to specifically perform under the Contract, that Erie issue payment for the compensatory damages at issue in this Complaint consisting of the covered losses of $322,500 for the dwelling, $64,500 for the other structures, pre-suit interest, and for

reasonable attorneys' fees and costs incurred in connection with this action and in the pre-suit demand as well as such other relief as this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE Freedom prays for the following relief:

A.  That process issue and Erie be made to appear and answer the Complaint.

B.  That Erie be held liable for breach of contract for compensatory damages in the amount of $322,500 for the damages suffered to the dwelling at the Property.

C.  That Erie be held liable for breach of contract for compensatory damages in the amount of $64,500 for the damages suffered to the other structures at the Property.

D.  That Erie be held liable for breach of contract for compensatory damages in the amount of Freedom's reasonable attorneys' fees and costs incurred in connection with this action and the pre-suit demand.

E.  That a trier of fact evaluate the circumstances associated with Erie's denial of Freedom's claim to determine if such actions associated with the denial arose to the level of intentional, fraudulent, malicious, or reckless, and if so, that punitive damages also be awarded to Freedom at an amount set by the trier of fact.

11

F. That this Court enter a declaratory judgment against Erie requiring it to specifically perform under the Contract and issue payment to Freedom for the damages due to Freedom under the Contract.

G. That this Court enter judgment in Freedom's favor against Erie for all other legal, equitable, general, and specific relief to which Freedom may be entitled.

Respectfully submitted,

*/s/ Shaun K. Ramey*
Shaun K. Ramey
T. Dylan Reeves
**McGlinchey Stafford**
424 Church St., Suite 2000
Nashville, TN 37219
(615) 762-9044 (telephone)
(615) 523-1725 (facsimile)
sramey@mcglinchey.com
dreeves@mcglinchey.com
*Attorneys for Freedom Mortgage Corporation*